IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–02958–REB–KMT

IRMAN JAMALL JONES,

    Plaintiff,

v.

OFFICER MATTHEW T. MILLIGAN, in his individual capacity,
AURORA POLICE OFFICER PICCHIONE, in his individual capacity, and
CITY OF AURORA,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's Motion for Leave of Court to File Plaintiff's Second Amended Complaint." ([Doc. No. 15] [filed February 15, 2010]) and on "Defendant's Unopposed Motion for an Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint" ([Doc. No. 17] [filed February 16, 2010]). Plaintiff seeks to amend the Complaint to name the City of Aurora as a defendant in place of the Aurora Police Department and Aurora Police Officers Milligan and Picchione in their official capacities and to modify his request for punitive damages. (Mot. at 2.) The Motion is unopposed as is the Defendants' Motion requesting an enlargement of time to file an Answer or otherwise respond to the Second

Amended Complaint on behalf of Defendant Milligan in order to coordinate the case scheduling among the defendants similarly situated.[1]  (*Id.*)

The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Upon review of the Proposed Second Amended Complaint, the court finds no indication of undue delay, bad faith, prejudice to the defendant or dilatory motive on the part of the plaintiff.  *See id.*  Moreover, the court finds the proposed amendments are not futile.  *See id.*

Therefore, it is

**ORDERED** that Plaintiff's Motion (Doc. No. 15) is **GRANTED**.  The Clerk of Court is directed to file the Second Amended Complaint, attached to the Motion (Doc. No. 15-2).  It is further

**ORDERED** that the Plaintiff shall effect service in accord with Fed. R. Civ. P. 4 on Aurora Police Officer Picchione in his individual capacity and on City of Aurora on or before **March 16, 2010.**  It is further

**ORDERED** that "Defendant's Unopposed Motion for an Enlargement of Time to Answer or Otherwise Respond to Plaintiff's Complaint" (Doc. No. 17) is **GRANTED**, **in part**.

---

[1] Aurora Police Officer Picchione has not been served.

The Answer or other responsive pleading to the Second Amended Complaint on behalf of Aurora Police Officer Matthew T. Milligan will be filed on or before the date upon which such pleading is required from Defendant Aurora Police Officer Picchione pursuant to Fed. R. Civ. P. 12 or no later than April 17, 2010, whichever date first occurs. It is further

**ORDERED** the Scheduling Conference now set for March 16, 2010 at 10:15 a.m. and all dates contained in the Court's Order of December 29, 2009 [Doc. No. 6] are **VACATED**.

Dated this 16th day of February, 2010.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge