**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No.  09-cv-02958-REB-KMT

IRMAN JAMAAL JONES,

     Plaintiff,

v.

OFFICER MATTHEW T. MILLIGAN, in his individual or personal capacity,

     Defendant.

---

## ORDER GRANTING MOTION TO DISMISS

---

**Blackburn, J.**

     This matter is before me on the **Motion To Dismiss Plaintiff's Sixth Claim for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#27][1] filed March 9, 2010.  The plaintiff has not filed a response.  I grant the motion.

     In considering a motion under Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations in the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003).  I review the

challenged portion of a complaint to determine whether it "'contains enough facts to

state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v.*

*Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)); *see also*

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009).  "Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims." *Id.* (emphases in original).[2]  Nevertheless, the standard remains a liberal one,

and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual

proof of those facts is improbable, and that a recovery is very remote and unlikely."

*Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting

*Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

---

[2]  *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

In their motion, the defendants argue that the allegations in the plaintiff's sixth claim for relief fail to state a claim on which relief can be granted against defendants Matthew T. Milligan and Officer Picchione.  In his complaint [#22], the plaintiff asserts seven claims for relief based on his allegation that the defendant police officers used excessive physical force against the plaintiff in the course of a traffic stop and the subsequent arrest of the plaintiff.  The plaintiff's sixth claim for relief is a claim under 42 U.S.C. § 1983 in which the plaintiff alleges that the two individual defendants conspired to violate the plaintiff's civil rights.

Even before the heightened pleading standards established in *Twombly* and related cases were applicable, a  plaintiff asserting a § 1983 conspiracy claim was required to "allege specific facts showing an agreement and concerted action amongst the defendants." *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).  Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.  *Id*.  In his complaint, the plaintiff does not allege any specific facts that tend to show that defendants Milligan and Picchione agreed to violate the plaintiff's civil rights. *Second Amended Complaint* [#22], ¶¶ 7 - 20, 51 - 53.  Rather, the plaintiff alleges in a conclusory fashion that Milligan and Picchione conspired to violate the plaintiff's civil rights. Particularly under the heightened pleading standards established in *Twombly*, *Iqbal*, and related cases, such conclusory allegations are not sufficient to state a claim on which relief can be granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That under FED. R. CIV. P. 12(b)(6), the **Motion To Dismiss Plaintiff's Sixth Claim for Relief Pursuant To FED. R. CIV. P. 12(b)(6)** [#27] filed March 9, 2010, is **GRANTED**; and

2.  That the plaintiff's sixth claim for relief in the plaintiff's **Second Amended**

**Complaint** [#22] is **DISMISSED**.

Dated February11, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge